MICHAEL D. LONG  (CA State Bar #149475)
901 H Street, Suite 301
Sacramento, CA 95814
(916) 201-4188
mike.long.law@msn.com

Attorney for YOUAKOS XYOOJTXIAJLWV

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

THE UNITED STATES OF AMERICA,    ) No. CR-S-17-169 JAM
            Plaintiff,                    )
                                                    ) MOTION TO QUASH SUBPOENA
                                                    ) TO TESTIFY AT HEARING
    v.                                              ) BY YOUAKOS XYOOJTXIAJLWV;
                                                    ) REQUEST FOR EXPEDITED HEARING
                                                    )
CHI MENG YANG,                                      ) Date: 9-30-2022
                                                    ) Time: 2:00 p.m.
            Defendant.        ) Judge: Hon. Deborah Barnes
=====================================)

TO: HEATHER WILLIAMS, U.S. Attorney, and Doug Beevers, Asst. Federal Defender:

PLEASE TAKE NOTICE that on September 30, 2022, at 2:00 p.m., before Judge Deborah Barnes, subpoenaed witness, YOUAKOS XYOOJTXIAJLWV, by and through his CJA attorney, Michael D. Long, will move the court to quash the subpoena for his testimony on October 4, 2022, in the above-entitled case.  The subpoena must be quashed for the reasons set forth below.

We are requesting an expedited hearing on September 30, 2022, which only provides one day of notice, because Mr. Xyoojtxiajlwv needs a ruling as soon as possible to determine if he needs to fly from Minnesota to Sacramento to be in court on Tuesday, October 4, 2022, at 9:00 a.m., as specified on his subpoena. (See Exhibit A.)  Undersigned counsel was notified on the afternoon of September 28, 2022, that Mr. Xyoojtxiajlwv had been subpoenaed to appear in court on October 4, 2022.

-1-

Assistant Federal Defender Beevers previously subpoenaed Mr. Xyoojtxiajlwv to be a witness at Mr. Chi Meng Yang's jury trial in March of 2022. Mr. Xyoojtxiajlwv asserted his Fifth Amendment right to remain silent at that trial. In telephonic hearings on March 15 and March 18, 2022, District Judge John Mendez heard undersigned counsel's arguments concerning Mr. Xyoojtxiajlwv asserting his Fifth Amendment rights. Judge Mendez ruled that Mr. Xyoojtxiajlwv did not need to fly to Sacramento to assert his Fifth Amendment rights in person. Accordingly, Mr. Xyoojtxiajlwv did not testify at the jury trial of defendant Chi Meng Yang. (See the Declaration of Counsel.)

Mr. Xyoojtxiajlwv will continue to assert his Fifth Amendment right not to testify at the sentencing hearing of defendant Chi Meng Yang, for the same reasons that were asserted at the hearings on March 15 and 18, 2022.

**APPLICABLE LAW**

A district court has wide discretion to decide whether a "the presence of the witness is necessary to an adequate defense." *United States v. Nivica*, 887 F.2d 1110, 1117-1118 (1st Cir. 1989). Whether the witness is "necessary" to an adequate defense may be interpreted to mean whether the witness is "relevant, material and useful to an adequate defense." *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990); *United States v. Pursley*, 577 F.3d 1204 (10th Cir. 2009). Where testimony would be "completely unnecessary," and there is no dispute over those facts, the defendant has "no right to subpoena witnesses for so peripheral a reason." *Nivica*, 887 F.2d at 1118. Grounds for the denial of a request for a subpoena under the necessity requirement of Rule 17(b) exists when the defendant fails to "set forth the expected testimony of a witness," or when the testimony of the subpoenaed witness would be "cumulative" of the testimony of

other witnesses. *Pursley*, 577 F.3d at 1230; *United States v. Weischedel*, 201 F.3d 1250, 1255 (9th Cir. 2000).

The court in *Weischedel* found no abuse of discretion where some subpoena were quashed when the defendant could not explain what the testimony of the additional witnesses could add to the testimony of the already-subpoenaed witnesses. *Id*. Notably, Rule 17(b) provides no procedure for quashing witness subpoenas, whereas Rule 17(c), dealing with the production of documents, does provide a procedure. Fed. R. Crim.Pro. 17. Rule 17(c) states that upon a prompt motion, the court may quash a subpoena that is "unreasonable or oppressive." Fed.R. Crim. Pro. 17(c)(2). A handful of unpublished cases have reviewed a motion to quash a witness subpoena under this tandard. See, e.g., *United States v. Wei Lin*, 2012 U.S. Dist.LEXIS 173441 (D. N. Mar. I. Dec. 4, 2012); *United States v. Santistevan*, 2012 U.S. Dist. LEXIS 97344, *2-*3 (D. Colo. July 12, 2012). What is unreasonable or oppressive under Rule 17 "depends on the context" of the proceeding. *Wei Lin*, 2012 U.S. Dist. LEXIS at 7 (citing *United States v. R. Enterprises, Inc*., 498 U.S. 292, 299-300 (1991)). This requires a review of whether the witness would be "material and favorable to the defense." *Id*.

Courts also note that Rule 17(c), is not intended to be used as a discovery device, and thus, the party seeking production must demonstrate a showing of relevancy, admissibility, and specificity. *United States v. Sutherland*, 2012 U.S. Dist. LEXIS 2-3 (D. Nev. Jan. 13, 2012) (citing *United States v. Reed*, 726 F.2d 570, 577 (9th Cir.), *cert denied*, 469 U.S. 871 (1984); *United States v. Komisaruk*, 885 F.2d 490, 494 (9th Cir. 1989)).

Defendant Chi Meng Yang cannot demonstrate that Mr. Xyoojtxiajlwv's testimony will be relevant or material to his sentencing issues. Mr. Xyoojtxiajlwv's has in this same case previously asserted his Fifth Amendment right to not incriminate himself and District Court

Judge Mendez ruled that Mr. Xyoojtxiajlwv did not need appear in his court to assert those rights in person.

On September 16, 2022, AFD Beevers had Mr. Xyoojtxiajlwv served in Minnesota with the subpoena to be present in Sacramento to testify on October 4, 2022.  (See Exhibit A, page 2.)  Flying to Sacramento would require Mr. Xyoojtxiajlwv to miss work and be away from his family.  Mr. Xyoojtxiajlwv once again requests a judge to quash the defense subpoena to require him to fly from Minnesota to Sacramento to testify.

**FIFTH AMENDMENT – Right not to be Called as a Witness or To Testify**

Mr. Xyoojtxiajlwv allegedly was growing marijuana on property adjacent to, or nearby, property on which Chi Meng Yang was growing marijuana.  Growing marijuana at that time and place and under the circumstances alleged by the government was illegal under federal law.  Mr. Xyoojtxiajlwv has a right not to testify about circumstances in which he would provide information that would incriminate him.  Consequently, if Mr. Xyoojtxiajlwv were asked questions about events or persons suggested to have engaged in criminal marijuana cultivation activity during the time periods alleged, Mr. Xyoojtxiajlwv would once again exercise his Fifth Amendment privilege against self incrimination.

The Fifth Amendment to the U.S. Constitution provides, "No person . . . shall be compelled in any criminal case to be a witness against himself." The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*. 414 U.S. 70, 77(1973).  Furthermore, the

privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. Compelled testimony that communicates information that may "lead to incriminating evidence" is privileged even if the information is not inculpatory. *United States v. Hubbell*, 120 S. Ct. 2037, 2044 (2000) (internal citations omitted). Clearly, when a subpoena that would infringe upon a person's Fifth Amendment rights has issued, "a motion to quash a subpoena is an appropriate and the most efficient procedural means of resolving the constitutional confrontation that is created whenever [a party] seeks to compel a witness to give self-incriminating testimony." *See United States v. Berberian*, 767 F.2d 1324, 1326 (9th Cir. 1985) ("The rule is well established that the government may not call a witness knowing that the witness will refuse to testify.")

**CONCULSION**

For all of the forging reasons, it is respectfully requested that Chi Meng Yang's subpoena compelling Mr. Xyoojtxiajlwv's appearance and testimony be quashed.

Dated:  September 29, 2022                              Respectfully submitted,

                                                        /s/ *Michael D. Long*
                                                        MICHAEL D. LONG
                                                        Attorney for Mr. Xyoojtxiajlwv

MICHAEL D. LONG  (CA State Bar #149475)
901 H Street, Suite 301
Sacramento, CA 95814
(916) 201-4188
mike.long.law@msn.com

Attorney for YOUAKOS XYOOJTXIAJLWV

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 17-169 JAM |
| | ) | |
| Plaintiff, | ) | DECLARATION OF COUNSEL |
| | ) | |
| v. | ) | Hearing date:  September 30, 2022 |
| | ) | Time:    2:00 p.m. |
| CHI MENG YANG, | ) | Judge:   Hon. Deborah Barnes |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

I, Michael D. Long, am licensed to practice in the Eastern District of California.  I have been appointed by the Court to represent Mr. Xyoojtkiajlwv.

1. On the afternoon of September 28, 2022, Kurt Heiser, the CJA Panel Administrator, informed undersigned counsel that Mr. Xyoojtkiajlwv was seeking counsel concerning a subpoena served on him on behalf of AFD Beevers to appear at the October 4, 2022, sentencing hearing of defendant Chi Meng Yang.

2. Assistant Federal Defender Beevers previously subpoenaed Mr. Xyoojtxiajlwv to be a witness at Mr. Chi Meng Yang's jury trial in March of 2022.  It was alleged that Mr. Xyoojtxiajlwv was growing marijuana on land next to, or close to, the land on which defendant Yang was growing marijuana.  Mr. Xyoojtxiajlwv asserted his Fifth Amendment right to remain silent at that trial.

3. In telephonic hearings on March 15 and March 18, 2022, District Judge John Mendez heard undersigned counsel's arguments concerning Mr. Xyoojtxiajlwv asserting his Fifth Amendment rights. Judge Mendez ruled that Mr. Xyoojtxiajlwv had cognizable Fifth Amendment rights and he did not need to fly to Sacramento to assert his Fifth Amendment rights in person. Accordingly, Mr. Xyoojtxiajlwv did not testify at the jury trial of defendant Chi Meng Yang.

4. Mr. Xyoojtxiajlwv will continue to assert his Fifth Amendment right not to testify at the sentencing hearing of defendant Chi Meng Yang, for the same reasons asserted at the hearings on March 15 and 18, 2022.

5. Attached hereto as Exhibit "A" is a true and correct copy of the subpoena, along with the proof of service, requiring Mr. Xyoojtkiajlwv to appear in Judge Mendez's court at 9:00 a.m. on October 4, 2022.

I declare under the penalty of perjury that the above is true and correct.

DATED: September 29, 2022        /s/ *Michael D. Long*
                                 MICHAEL D. LONG
                                 Attorney for Mr. Xyoojtkiajlwv